IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Randall Lee Conrad, | ) | Civil Action No.: 5:12-cv-01288-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Drew, Officer Smith, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Randall Lee Conrad, a federal prisoner proceeding *pro se*, initiated this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Defendants Warden Drew and Officer Smith filed a motion to dismiss or, alternatively, for summary judgment, ECF No. 44. The motion is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[1] The Magistrate Judge recommends (1) granting Defendants' motion for summary judgment for his failure to exhaust administrative remedies and (2) dismissing the action in its entirety.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, who was incarcerated at the Bennettsville Federal Correctional Institution, initiated this *Bivens* action on May 17, 2012, against the above-captioned Defendants, officials with the Federal Bureau of Prisons ("BOP"). Plaintiff alleges he was sickened by Defendant Smith's cooking spray, used to prepare food Plaintiff ate, and was retaliated against when he tried to report the use of the cooking spray. On February 6, 2013, Defendants filed a motion to dismiss or, alternatively, for summary judgment, arguing, in part, that Plaintiff failed to exhaust his

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

administrative remedies.[2] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately to the motion. Plaintiff subsequently filed a response in opposition to Defendants' motion. ECF No. 47.

The Magistrate Judge issued her R&R on March 28, 2013. R&R, ECF No. 50. After considering evidence outside of the pleadings, the Magistrate Judge recommended ruling on Defendants' motion for summary judgment and concluded that the motion should be granted and that Plaintiff's action should be dismissed in its entirety due to his failure to exhaust his administrative remedies. R&R 1 n.1, 9. Plaintiff filed timely objections to the R&R on April 15, 2013. Pl.'s Objs., ECF No. 52.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the

---

[2] Because the facts relevant to Plaintiff's administrative proceedings are adequately detailed by the Magistrate Judge in her R&R, the Court, having incorporated the R&R, need not repeat them here.

recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting Defendants' motion for summary judgment, concluding that Plaintiff's *Bivens* claims against each Defendant were not properly exhausted administratively under the Prison Litigation Reform Act ("the PLRA"), 42 U.S.C. § 1997e, and BOP regulations. R&R 9. In his objections, Plaintiff largely rehashes his complaints about Defendants and BOP officials in general. Pl.'s Objs. 1-4. The Court, however, may only consider objections to the R&R that direct it to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199. Plaintiff's only objection that is germane to the Magistrate Judge's R&R is that he was unable to produce the documents necessary to dispute Defendants' evidence showing he failed to exhaust his administrative remedies. This argument, however, lacks merit. Plaintiff, of course, was not restricted solely to documentary evidence to support his argument that he did indeed properly exhaust his administrative remedies. *See* Fed. R. Civ. P. 56(c)(1)(A).

Out of an abundance of caution, however, the Court has reviewed the Magistrate Judge's recommendation. The Magistrate Judge concludes that "Plaintiff has not set forth any evidence demonstrating that he has properly exhausted his administrative remedies by filing the required appeal." R&R 9. The PLRA requires "a prisoner confined in any jail, prison, or other correctional facility" to exhaust available administrative remedies before bringing an action under any federal law. 42 U.S.C. § 1997e(a). This provision applies to federal prisoners bringing actions pursuant to *Bivens*. *Hill v. O'Brien*, 387 F. App'x 396, 399 (4th Cir. 2010). Therefore, federal prisoners must adhere to BOP's internal grievance procedures prior to filing suit in federal court. As such, prisoners must pursue informal resolution, followed by appeals to institutional, regional, and national officials. 28 C.F.R. §§ 542.10-542.19; Administrative Remedy Program, Program Statement P1330.16, Fed. Bureau of Prisons (Dec. 31, 2007).

After reviewing Plaintiff's objections, the Court cannot find that he, in his response to Defendants' motion, has created a genuine dispute of any fact material to the exhaustion of administrative remedies issue raised by Defendants. Fed. R. Civ. P. 56(a), (e). Specifically, Plaintiff provides no evidence to dispute Defendants' showing that he failed to appeal fully and properly his grievance relevant to the claims in this action. Defendants have shown that Plaintiff failed to file his appeal properly with BOP's regional office. Although given an opportunity to cure his defects, Plaintiff did not continue with his administrative appeal as directed. Aff. of Tami Cassaro 4-5, ECF No. 44-5. The Court, therefore, finds no genuine dispute of fact material to the issue of whether Plaintiff properly exhausted his administrative remedies under the PLRA, finds that the Magistrate Judge's recommendation is without error, and overrules Plaintiff's objections.

## CONCLUSION

The Court has thoroughly analyzed the entire record, including the complaint, Defendants'

motion, the parties' briefs, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment be **GRANTED** and that Plaintiff's complaint be **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 12, 2013